## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 14-2016-VAP (SP) | Date | November 2, 2015 |
|----------|------------------------|------|------------------|
| Title | RICHARD C. VICKERMAN v. RAMON MOBILE HOME PARK INC., et al. | | |

Present: The Honorable  **Sheri Pym, United States Magistrate Judge**

| Kimberly Carter | None Appearing | |
|-----------------|----------------|--|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|-------------------------------------|-------------------------------------|
| None Appearing | None Appearing |

**Proceedings:**    **(In Chambers) Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute**

On October 1, 2014, plaintiff Richard C. Vickerman, proceeding pro se filed a complaint against Ramon Mobil Home Park, Inc., Randal Guy, and Deborah Belleau. Plaintiff alleges he is a disabled individual against whom defendants have discriminated and retaliated. The complaint alleges several violations of State law, the Federal Fair Housing Act, and plaintiff's constitutional rights. On August 14, 2015, the court issued an Order Dismissing Complaint With Leave to Amend, and granting plaintiff until September 14, 2015 to file a First Amended Complaint in compliance the court's order. On the same date, in a separate minute order, the court denied plaintiff's request for a "stay of execution" or "enjoinment of state case until resolution of [his] federal case" and admonished plaintiff to refrain from filing further "notices" that have no legal effect.

On September 2, 2015, plaintiff filed a notice of a change of address, and a notice that he had been locked out of his home. In the latter notice, plaintiff requested extra time to reply due to his circumstances. On September 10, 2015, the court issued an order granting plaintiff additional time to file a First Amended Complaint. Later on September 10, 2015, the court received another notice of change of address from plaintiff, which he dated September 5, 2015. In it, plaintiff updated his address to a different box number than reported in his September 2 notice. As such, on September 16, 2015 the court issued an order granting plaintiff until October 16, 2015 to file a First Amended Complaint.

Ignoring the court's August 14, 2015 minute order admonishing him not to file notices with no legal effect, on October 5, 15, 16, and 22, 2015 plaintiff filed non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2016-VAP (SP) | Date | November 2, 2015 |
|---|---|---|---|
| Title | RICHARD C. VICKERMAN v. RAMON MOBILE HOME PARK INC., et al. | | |

responsive "notices." Among other things, plaintiff purported to file "claims" for various criminal violations under Title 18. *See* docket no. 49. But private individuals cannot bring actions based on criminal violations. *Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009) ("Only a prosecutor can file criminal charges against a citizen . . . ."); *Florence v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007) (citing *U.S. v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974)) ( "[A] private party may not enforce criminal statutes through a civil action."). The court therefore construes plaintiff's filing as an effort to give notice plaintiff believes these criminal violations have occurred; however, as with plaintiff's other notices, it has no legal effect.

On October 22, 2015, plaintiff filed a document titled "Response to Judge(s) Total Misreading(s) of Almost All Verified Fact(s) as Presented and Objection(s) to Summary Judgment(s) as Inappropriate" (docket no. 51). In this document, plaintiff essentially disagrees with the court's findings in the August 14, 2015 Order Dismissing Complaint with Leave to Amend. If plaintiff wishes to stand on his initial complaint, he may do so, as set forth below.

In short, to date plaintiff has not filed a First Amended Complaint, and more than two weeks have passed beyond his deadline to do so. Accordingly, within **twenty-one (21)** days of the date of this Order, that is, by **November 23, 2015**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with a court order. Plaintiff may discharge the Order to Show Cause by doing one of the following:

1.     Plaintiff may pursue this action further by filing a First Amended Complaint by **November 23, 2015**.

2.     Plaintiff may pursue this action further by filing a Notice of Intent Not to Amend Complaint by **November 23, 2015**. If plaintiff timely files such Notice, the court will recommend dismissal of the complaint and this action for the same reason the court found the complaint subject to dismissal in the August 14, 2015 Order Dismissing Complaint with Leave to Amend.

**Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action.**